FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

00 OCT 13 PM 3:57

SIGN
BY DEPUTY CLERK

| | |
|---|---|
| **LAWRENCE SCIACCHETANO** | **CIVIL ACTION NO.** 00-784 |
| **VERSUS** | **JUDGE** D |
| **ERIC MOLL** | **MAGISTRATE JUDGE** 1 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Lawrence Sciacchetano ("Plaintiff"), domiciled in Baton Rouge, Louisiana, who respectfully represents that:

**Nature of Action**

1.

This is a declaratory judgment action under 28 U.S.C. §2201.

**Parties**

2.

Plaintiff Lawrence Sciacchetano is a person of the full age of majority who is domiciled in Baton Rouge, Louisiana.

3.

Defendant Eric Moll ("Defendant") is a person of the full age of majority who is currently domiciled in Humble, Texas and who was domiciled in Baton Rouge, Louisiana until the end of July, 2000.

BR:244259.1

| INITIALS | DOCKET# |
|---|---|
| bp | 1 |

c: PS, summons

## Jurisdiction

4.

This Court has exclusive jurisdiction pursuant to 28 U.S.C. §1338 as this declaratory judgment action seeks determination of the inventorship of an invention for which patent protection is being sought by the parties under the federal patent act, 35 U.S.C. §116.

5.

In addition, this Court has jurisdiction pursuant to 28 U.S.C. §1331 as this action involves the question of inventorship of a patentable invention, which is a federal question under the federal patent act, 35 U.S.C. §116.

## Venue

6.

Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this declaratory judgment action occurred in this judicial district. Specifically, the actual conception and reduction to practice of the invention at issue occurred in Baton Rouge, Louisiana.

## Facts

7.

Plaintiff and Defendant, working together, invented a new substance for filling potholes in roads. This invention concerns a pothole filler material which is sufficiently flexible to expand and/or contract with the surrounding material of the road, sufficiently strong and durable to be effective as a means for repairing potholes in roads, and sufficiently water resistant to prevent moisture from seeping into the soil beneath the road. The invention comprises a polyolefin, such

as a copolymer of ethylene and a B-ethylenically unsaturated carboxylic acid, in combination with a rubberized asphalt material, such as a standard road crack sealer, and aggregate, such as rock or gravel particles. A heat source is applied to the substance in order to melt the polyolefin and rubberized asphalt. The melted materials are poured into the pothole, along with aggregate, until the pothole is filled. The invention is an improvement over the current state of the art because the addition of rubberized asphalt improves the physical properties of the pothole filler material and because the application of heat prior to placing the pothole filler material into a pothole greatly simplifies and expedites the pothole repair process.

8.

Plaintiff and Defendant jointly met with Warner Delaune, a patent attorney, on August 9, 2000 concerning a patent application for the invention. Plaintiff and Defendant described the invention to Mr. Delaune and explained that they were joint inventors of the invention. Mr. Delaune was retained to draft a patent application for the invention, listing both Plaintiff and Defendant as joint inventors.

9.

On September 8, 2000, Defendant mailed a letter to Mr. Warner Delaune, demanding that he "stop work on the so called 'Permafill Asphalt Patent,'" and claiming that Defendant was the sole inventor of the invention. The letter further indicated that Defendant had filed a provisional patent application for the invention in his own name.

10.

As a result of the actions of Defendant, Mr. Warner Delaune was forced to withdraw from representing any of the parties via letter dated September 12, 2000.

11.

On September 13, 2000, Defendant faxed a letter to Plaintiff stating that Plaintiff had no interest in the invention and seeking acknowledgment from Plaintiff surrendering his rights in the invention.

12.

In response to Defendant's actions, Plaintiff filed his own provisional patent application on September 11, 2000 for the invention, correctly naming both Defendant and Plaintiff as joint inventors.

13.

On information and belief, Defendant has improperly filed a patent application for the invention jointly created with Plaintiff, seeking a patent for the invention as a sole inventor in violation of 35 U.S.C. §116.

14.

Plaintiff seeks a declaration from this Court that Plaintiff and Defendant are joint inventors of the invention and that Defendant's provisional patent application, which on information and belief names Defendant as the sole inventor, is improper under 35 U.S.C. §116 and must be amended to include Plaintiff as joint inventor.

15.

A real and justiciable controversy exists between Plaintiff and Defendant concerning inventorship of the above-described invention and patent rights arising thereunder, such that this matter is subject to resolution by this Court through a declaratory judgment pursuant to 28 U.S.C. §2201.

## Prayer for Relief

WHEREFORE, Plaintiff Lawrence Sciacchetano respectfully requests that, after due proceedings are had, this Court render judgment in favor of Plaintiff Lawrence Sciacchetano and against Defendant Eric Moll declaring that Plaintiff and Defendant are joint inventors of the invention at issue, ordering that Defendant's provisional patent application concerning the invention be amended to include Plaintiff as joint inventor, and granting all other just and equitable relief to which Plaintiff may be entitled.

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____
Allen D. Darden (Bar No. 14961)
Clinton R. Stuart (Bar No. 25886)
445 North Boulevard, Suite 701
Post Office Box 4412
Baton Rouge, LA  70821-4412
Telephone: (225) 346-0285
Telecopier: (225) 381-9197

ATTORNEYS FOR LAWRENCE SCIACCHETANO